**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TAMAR GOULET**                                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO.: 3:22-cv-35-NBB-JMV**

**THE UNIVERSITY OF MISSISSIPPI**                                    **DEFENDANT**

**ORDER**

This matter is before the court, *sua sponte*, for the purpose of ordering amendment be made by the defendant to the purported privilege log (which is attached as an exhibit by Plaintiff to her pending Motion to Compel [29]), as is discussed below.

It is well established that a party asserting privilege (work-product and/or attorney-client) has the burden of establishing that privilege. *See E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017); *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Fundamental to that exercise, and as is specifically required by the Rule 26(b)(5) of the Federal Rules of Civil Procedure, a party withholding information as privileged must: "(i) expressly make the claim" of privilege; and "(ii) describe the nature" of the withheld information in a way that "will enable other parties to assess the claim." Further, Uniform Local Civil Rule 26(e) requires a party claiming privilege to submit certain specified information in the log, as follows:

> (e) Privilege Logs. A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege. To withhold materials without such notices subjects the withholding party to sanctions under FED.R.CIV.P. 37 and may be viewed as a waiver of the privilege or protection.

District courts in this circuit have also recognized this duty. *Vertex Aerospace, LLC v. Womble Bond Dickinson, LLP*, Civ. Action No. 3:09-cv-00704-HTW-LGI, 2022 WL 1830715, at *4 (S.D. Miss. Apr. 26, 2022) (citing *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005) ("Even if describing the protected materials in a log may be difficult to do without revealing the confidential nature of the documents, it is nevertheless the obligation of the [withholding party] under [Federal Rule of Civil Procedure] 26(b)(5).").

In as much as even a cursory review of the purported privilege log at issue in the instant case reveals it is woefully lacking in the specifics required under these rules, it must be amended. Accordingly, to the extent Defendant seeks to stand on any of its claims of privilege asserted heretofore, it is required to (1) within seven (7) business days of this order, amend its privilege log to identify all of the descriptive information required of it by law to be disclosed; (2) confer with Plaintiff within seven (7) business days of such amendment to determine whether, in light of the revised privilege log, there are any documents described therein that are no longer contended by Plaintiff to be subject to the motion to compel; and (3) then Plaintiff will have an additional seven (7) business days in which to amend its reply in support of its motion to compel so as to more particularly address the claims of privilege made in the revised log.

Additionally, given the court's order here, it is necessary to extend the outstanding discovery and dispositive motions deadlines. The court will do so by separate order, which the parties may receive notice of on the docket in this cause.

SO ORDERED, this the 19th day of January, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**