IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAMAR GOULET                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:22-cv-89-NBB-JMV

THE UNIVERSITY OF MISSISSIPPI                                   DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment.
Upon due consideration of the motion, response, exhibits, and applicable authority, the court is
ready to rule.

### Factual Background and Procedural Posture

The plaintiff, Tamar Goulet, brought this action alleging that the defendant, the
University of Mississippi, has discriminated against her based on her sex and has retaliated
against her[1] in violation of Title VII and the Equal Pay Act.

The university hired the plaintiff as an Assistant Professor of Biology in January 2001.
She was promoted to Associate Professor of Biology and granted tenure in 2008 and was
promoted to full Professor of Biology in 2015. Tenure track faculty members receive pay raises
when they are promoted to associate professor and full professor, and the plaintiff received both
raises. The plaintiff's salary for the 2022-23 academic years is $103,858, and it is uncontested
her salary is higher than that of any other male or female faculty member in the university's
Biology Department except for the department chair.

---

[1] The plaintiff made no attempt to respond to the university's arguments as to her retaliation claim and has
therefore conceded the claim. "It is well established in this circuit that 'when a plaintiff fails to defend a
claim in response to a summary judgment motion, the claim is deemed abandoned.'" *Cantu v. Freedom
Mortgage Corp.*, No. 3:19-cv-01701-B, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (citing *Black v.
N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

Faculty members may also be eligible for pay increases based on merit when funds are available. Merit raises are awarded at the discretion of each academic department's chair. The plaintiff has received a merit raise every year such raises were available for faculty members in the department. She remains a tenured full Professor of Biology. Her job title and responsibilities have not changed, and her pay and benefits have not decreased or been reduced in any way.

The plaintiff filed her EEOC charge on June 8, 2021, and was subsequently issued a right to sue letter. She filed her complaint on May 23, 2022. The defendant filed a timely answer, and discovery proceeded. At the close of discovery, the defendant filed the present motion for summary judgment, which has been fully briefed and is ripe for the court's consideration.

Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied

2

that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986).

"Summary judgment, although a useful device, must be employed cautiously because it is a final

adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Analysis</u>

The plaintiff's complaint alleges sex discrimination in violation of Title VII and a

violation of the Equal Pay Act. A Title VII pay discrimination claim is analyzed under the

familiar *McDonnell Douglas* framework:

> To make out a prima facie case of discrimination in compensation, a plaintiff
> must show that [s]he was a member of a protected class and that [s]he was paid
> less than a non-member for work requiring substantially the same responsibility.
> *Uviedo v. Steves Sash & Door Co.* 738 F.2d 1425, 1431 (5th Cir. 1984). Pursuant
> to the *McDonnell Douglas* framework, "[o]nce shown, a plaintiff's prima facie
> case creates an inference of . . . discrimination, which the employer is required to
> rebut with a legitimate non-discriminatory reason" for the pay disparity. *Ross v.
> University of Texas at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998)
> (concerning age discrimination). If the employer provides such a reason, the
> burden shifts back to the plaintiff to establish that the employer's stated reason is
> pretextual. *Id.*

*Taylor v. UPS, Inc.*, 554 F.3d 510, 522-23 (5th Cir. 2008). The Equal Pay Act "has a

higher threshold, requiring that an employer not discriminate 'between employees on the

basis of sex … for equal work on jobs the performance of which requires equal skill,

effort, and responsibility, and which are performed under similar working conditions.'"

*Siler-Khodr v. Univ. of Texas Health Science Center San Antonio*, 261 F.3d 542, 546 (5th

Cir. 2001) (quoting 29 U.S.C. § 206(d)(1)). "Generally, a Title VII claim of wage

discrimination parallels that of an EPA violation." *Id.* (quoting *Kovacevich v. Kent State

Univ.*, 224 F.3d 806, 826 (6th Cir. 2000)).

The successful plaintiff must "show that her 'circumstances are *nearly identical* to those

of a better-paid employee who is not a member of the protected class.'" *Bracey v. Miss. State*

*Univ.*, No. 1:19-cv-233-NBB-DAS, 2021 U.S. Dist. LEXIS 165892, at *6 (N.D. Miss. Sep. 1, 2021) (citing *Taylor*, 554 F.3d at 523) (emphasis added). A purported comparator must have "held the same job or responsibilities, shared the same supervisor, or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). "Employees with different jobs or supervisors, for example, are not similarly situated." *Moore v. Burlington N. Santa Fe Ry. Co.*, No. 21-20103, 2022 WL 16860550, at *4 (5th Cir. 2022). "Where different decision makers or supervisors are involved, their decisions are rarely 'similarly situated' in relevant ways for establishing a prima facie case." *Vess v. MTD Consumer Grp., Inc.*, No. 1:16-cv-80-DMB-RP, 2018 U.S. Dist. LEXIS 25844, at *20 (N.D. Miss. Feb. 16, 2018) (quoting *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 857 (S.D. Tex. 2010)).

By her own admission, the plaintiff is the highest paid non-chair faculty member in the Biology Department at the University of Mississippi. In her complaint, the plaintiff urges the court to look to university employees outside the Biology Department as comparators because her "contract is not with the Department of Biology, but rather with [the university]" and the "Department of Biology is part of [the university], not a stand-alone entity." The plaintiff prefers instead to compare herself to employees in "other comparable departments in the sciences across the university." This approach is, however, contrary to the law of this circuit. *See, e.g.*, *Lee*, 574 F.3d at 259 ("Employees who have different supervisors or work in different divisions 'generally will not be deemed similarly situated.'"). The plaintiff herself even acknowledged in her deposition that salary ranges differ among faculty members in different departments of the university for reasons that have nothing to do with sex. [Doc. 46-2, at 36:8-21]. Moreover, the Fifth Circuit recognizes this reality: "Different job levels, different skill levels, previous training

4

and experience: all may account for unequal salaries in an environment free from discrimination." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1138 (5th Cir. 1983) (quoting *Pouncy v. Prudential Ins. Co. of America*, 668 F.2d 795, 803 (5th Cir. 1982)).

In her complaint, the plaintiff presents comparators this court deems inappropriate and not in accordance with the law of this circuit. For instance, in addition to looking outside her own department, she offers department chairs as comparators, including the former chair of the Biology Department who is now a professor in the university's School of Pharmacy, which, unlike the Biology Department, is not within the College of Liberal Arts. This professor, Dr. Gregg Roman, is therefore not even in the same school as the plaintiff, much less the same department, and he works under a different supervisor. To the extent the plaintiff relies on his pay when he was in the Department of Biology, he was the department's chair for the entire time he was a member of that department. The plaintiff has not alleged she was ever a department chair or had administrative duties of any kind.

The plaintiff also lists professors from the university's Department of Chemistry and Biochemistry. One of these comparators is the department chair and is an improper comparator for that reason, and he and the other faculty members listed are in a different department and under a different supervisor than the plaintiff. Specifically, the plaintiff complains of raises these individuals received in 2018 which were allegedly higher than hers, but she also acknowledges that three of these four individuals were promoted in 2018 – one from Associate to full Professor and two from Assistant to Associate Professor. Further, the plaintiff's salary was, in 2018 – and remains today – higher than that of each of these individuals.

The plaintiff does offer some comparators who are in the Biology Department, in addition to the former chair mentioned above, but only one of them holds the rank of full

5

professor and none, including the full professor, are paid as much as the plaintiff. The plaintiff also presents Dr. Susan Pedigo, a chemistry professor identified in the plaintiff's deposition, but Pedigo is not a proper comparator because she is a female university employee and therefore in the same protected class as the plaintiff.

Having apparently realized it is inappropriate to compare her salary to that of faculty members outside the Department of Biology, or perhaps simply to be more exhaustive in her list, the plaintiff identified a new set of comparators in her response to the defendant's motion for summary judgment. The court agrees with the defendant's position that the plaintiff should not be allowed to change courses and rely on new comparators at this stage of the litigation. *See Underwood v. Miss. Dept. of Corrections*, No. 1:18-cv-24-HSO-JCG, 2020 WL 3966064, at *5 (S.D. Miss. July 13, 2020) ("[W]here a response to a motion for summary judgment relie[s] on new theories of liability or factual allegations" dismissal is proper "based … on the fact that the complaint [does] not provide 'fair notice of what the claim is and the grounds upon which it rests.'") (quoting *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012)). "This rule has been applied to cases where new factual allegations to support previously pleaded legal theories were raised only in response to summary judgment." *Id.* (citing *Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory); *Clark v. General Motors*, No. 3:14-cv-505, DPJ-FKB, 2016 WL 3574408, at *6 (S.D. Miss. June 23, 2016)).

Regardless, these new comparators are unhelpful to the plaintiff's case even when considered on the merits. First, as the defendant notes, the plaintiff, through the litigation – from her complaint, through discovery, to her responsive briefing of the present motion – appears to focus on merit-based raises rather than total compensation or wages. Title VII requires a plaintiff

6

to prove she was "paid less" than the comparators outside her protected class. *Taylor*, 554 F.3d at 522. The plain text of the EPA prohibits employers from "paying *wages* to employees … *at a rate less than the rate* at which he pays wages to employees of the opposite sex…." 29 U.S.C. § 206(d)(1) (emphasis added). The plaintiff has offered no reason or cited any authority supporting the position that the court should look to anything but the plaintiff's "total compensation" when comparing her pay to that of her colleagues. *See, e.g.*, *Weaver v. Basic Energy Servs., L.P.*, 2014 U.S. Dist. LEXIS 200646, at *20 (W.D. Tex. Jan. 8, 2014) (granting summary judgment on Title VII and EPA claims where record showed "Plaintiff was earning more than her chosen comparator even after [the comparator] received a raise").

Second, the plaintiff does not claim she was ever denied a merit raise in a year in which other faculty members outside her protected class were given merit raises. Rather, she argues that other faculty members were given "higher raises for less merit" and that she was not given "raises [commensurate] with her merits…." Her personal evaluation of the respective merit of department faculty members is based entirely on her own conclusory and self-serving affidavit and arguments. She has failed to direct the court to adequate proof in support of her assertions.

Third, three of the new comparators offered by the plaintiff are each paid less than the plaintiff, despite having received slightly higher percentage-based merit raises than the plaintiff during certain fiscal years. These Biology Department faculty members are Dr. Clifford Ochs, Dr. Richard Buchholz, and Dr. Jason Hoeksema. These comparators are thus no help to the plaintiff's case. *See id.*; *see also Muslow v. Bd. of Supervisors of La. State Univ.*, No. 19-11793, 2022 U.S. Dist. LEXIS 92689, at *26 (E.D. La. May 24, 2022) ("Because these proffered comparators make less than [the plaintiff], they are insufficient to establish a prima facie case of pay discrimination.").

Fourth, four of the new comparators offered by the plaintiff were at one time members of the Biology Department and admittedly would therefore be proper comparators at least in that regard, but they are no longer employed by the university: Dr. Glenn Parsons, Dr. Gary Gaston, Dr. Stephen Threlkeld, and Dr. William Resetarits. It appears undisputed that these professors had higher salaries than the plaintiff at the time of their retirement, but it is also undisputed that these faculty members had more years of service to the university and therefore more opportunities for merit raises than did the plaintiff.[2] Further, the plaintiff admits Dr. Resetarits was an external hire who served as an endowed chair for seven years, a position she has never held. As the defendant notes, the plaintiff has failed to name a single male faculty member in the Biology Department, past or present, who was paid more than her while having the same experience, years of service, job title, or qualifications.

The court finds that the plaintiff has failed to establish a prima facie case under either Title VII or the EPA. Even had she been able to do so, the court finds that the defendant has satisfied its burden of providing legitimate, non-discriminatory reasons to rebut the plaintiff's case, and the plaintiff has failed to show any evidence of pretext or discriminatory intent on the part of the defendant. The defendant's burden to show a non-discriminatory reason for a pay disparity is "'exceedingly light'; the defendant must merely proffer non-gender-based reasons, not prove them." *Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 854 (quoting *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992)). "The plaintiff

---

[2] It is interesting to note that the plaintiff presents Dr. Parsons, who had a higher salary than the plaintiff due to more years of service, as receiving a raise of $2,882 in 2013 compared to the plaintiff's raise of $2,355. In complaining of the raises of Dr. Buchholz and Dr. Ochs, who have lower salaries than the plaintiff, she sets forth the comparison as percentages of their salaries rather than dollar amounts, claiming both received raises of .77% of their salaries to her raise of .75%. As the defendant states, the plaintiff "does not tell the court whether the percentage of her 2013 raise was higher than Dr. Parsons' percentage or whether the [dollar] amount of her 2016 raise was higher than Drs. Buchholz and Ochs. This is not proof of a pay disparity – it is sleight of hand." [Doc. 53 at 5].

has the ultimate burden to prove that sex is a significant factor in the employer's wage differentials." *Id.* The plaintiff here has missed the mark.

Further, the court finds merit to the defendant's arguments regarding the plaintiff's failure to exhaust administrative remedies as to her claims based on merit raises and the specific claims which would be barred by the statute of limitations; but having examined the substance of all the plaintiff's claims and finding them without merit, the court finds that further analysis in this regard is unnecessary.

The court finds that no reasonable juror could return a verdict in favor of the plaintiff under the facts of this case as reflected in the record before the court. The defendant is, therefore, entitled to judgment as a matter of law on all claims.

As a final matter, the court addresses the plaintiff's motion for leave to file supplemental exhibit. The plaintiff seeks to submit an email she sent to a representative of the university complaining in detail of her assertions of pay discrimination. The defendant filed portions of this email as an exhibit to its rebuttal in further support of its motion for summary judgment. The plaintiff seeks simply to submit the email in its entirety, and she attached a copy as an exhibit to her motion for leave to file, which the court has reviewed. The court would be inclined to grant the plaintiff's motion, as it would be reasonable and fair to do so; but the court has examined the contents of the email and finds that the email, authored by the plaintiff, provides no sufficient evidence that would alter the court's ruling in this matter. Accordingly, the motion will be denied as moot.

## Conclusion

For the foregoing reasons, the court finds no genuine issue of material fact in this case. The defendant's motion for summary judgment is therefore well taken, and the court is of the

opinion that it should be granted. A separate order in accordance with this opinion will issue this day.

This 24th day of July, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE